# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | CASE NO. 2:15-cr-00001-RWS-JCF-2 |
| v. | § | |
| | § | |
| RONALD ONORATO and | § | |
| LARRY MILDER, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT MILDER'S MOTION FOR INSPECTION AND TESTING OF EVIDENCE AND MOTION *IN LIMINE* TO EXCLUDE INSUFFICIENTLY AUTHENTICATED OR DUPLICATE EVIDENCE**

COMES NOW, Larry Milder, Defendant in the above-captioned matter, by and through the undersigned counsel, and hereby files this Motion for Inspection and Testing of Evidence and Motion *In Limine* to Exclude Insufficiently Authenticated or Duplicate Evidence, and hereby moves this honorable Court to order that Defendant be allowed to inspect and test all original, material documents relating to this case in the possession, custody, or control of the Government or its officials, agents, employees, or attorneys, and moves that any and all documents which cannot be provided in their original and/or sufficiently authenticated at trial be excluded from trial.

1

## I. **INTRODUCTION**

Mr. Milder possesses evidence in this case that his co-defendant and the Chief Executive Officer of the Northpoint Group, Inc., Defendant Ronald Onorato, engaged in falsification or altering of and tampering with certain documents. Specifically, a former employee of the Northpoint Group has informed counsel for Mr. Milder that she learned from another employee that Defendant Onorato directed her to engage in "cutting and pasting" in order to falsify documents.

In addition, the Government has represented to defense counsel that it does not possess the originals of numerous documents relevant to its charges against Mr. Milder in its Indictment, specifically the first draw request from the loan proceeds on or about December 17, 2007, and its attached documents, which is discussed in Count One of the Indictment.

For these reasons, pursuant to the authorities set forth below, Mr. Milder requests that the Court order the Government to make available for inspection and testing all original evidence in this case in the possession, custody, or control of the Government or its officials, agents, employees, or attorneys. Mr. Milder further moves that any and all documents evidence which cannot be provided in its original and/or sufficiently authenticated be excluded from any trial of this matter.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### A. Mr. Milder Should Be Permitted to Inspect and Test All Evidence in the Possession, Custody, or Control of the Government

Federal Rule of Criminal Procedure 16, which governs discovery in criminal cases, provides, in relevant part:

> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed.R.Crim.P. 16(a)(1)(E). Similarly, the Court's Order in this case directs that "[t]he defendant shall be allowed to examine and test physical evidence under reasonable conditions which maintain the integrity of the evidence." Doc. # 12, § IV(E). The Court's Order furthermore directs the Government to preserve all evidence pertaining to this case and to the Defendant. *Id.*, at IV(D).

Mr. Milder possesses reason to believe that critical, material evidence which will be introduced by the Government against him at trial or which is relevant to his defenses to the charges against him, may have been falsified, altered, or tampered with. Pursuant to Rule 16 and the Court's Order, Mr. Milder possesses a right to

3

inspect and test this evidence. "[I]t is inherently unfair to allow one party to put evidence before the court without allowing his opponent the opportunity to test its validity." *Wright v. Southwest Bank*, 554 F.2d 661, 663 (5th Cir. 1977). Mr. Milder accordingly prays that the Court issue an order directing the Government to make available all original evidence in this case for inspection and testing by the defense. Upon request by the defense, the Government concedes that it does not possess the originals of the first draw request and the attached documents.

### B. Insufficiently Authenticated or Duplicate Evidence Should Be Excluded from Any Trial in this Matter

Any alleged evidence sought to be introduced by the Government at trial will have to be sufficiently authenticated as a prerequisite to its admission. The Federal Rules of Evidence provide that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Federal Rule of Evidence 901(a). "'A district court has discretion to determine authenticity...'" *United States v. Lanzon*, 639 F.3d 1293, 1301 (11th Cir. 2011) (quoting *United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000)).

As set forth above, Mr. Milder possesses evidence that Defendant Onorato, while at Northpoint Group, had directed an employee to falsify, alter, and tamper with documents, including by "cutting and pasting" the contents of documents.

4

Unless the Government can produce evidence sufficient to support a finding that any document sought to be introduced is what the Government claims it to be, the Court should exclude the evidence.

Evidence of questionable authenticity or genuineness should also be excluded pursuant to Federal Rule of Evidence 403, which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403. Alleged proof of the Government's bank fraud conspiracy and bank fraud charges against Mr. Milder is anticipated to rely heavily on documentary evidence. For instance, one of the Government's few specific allegations against Mr. Milder alleges that he, "as Chief Operating Officer, signed the first draw request spreadsheet on behalf of Point Berkeley III, thereby certifying that the actual expense incurred for import/clearing and grubbing work on the site was $1,715,859.60…" Doc. # 1, ¶ 11. Introduction of potentially falsified, insufficiently authenticated evidence possesses a high risk of causing substantial prejudice to Mr. Milder pursuant to Rule 403, in addition to the danger of misleading the jury.

The Court of Appeals has found reversible error where insufficiently authenticated evidence was introduced at trial and resulted in prejudice to the defendant. In *United States v. Weinstein*, 762 F.2d 1522 (11th Cir. 1985), the Eleventh Circuit reversed a defendant's conviction for conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act where the government introduced a letter into evidence at trial with an attached envelope addressed to the defendant, holding that the exhibit was not independently authenticated and that "[t]he acceptance of the letter and the envelope into evidence as one exhibit, stapled together, with no testimony or other evidence linking the two documents, was error and prejudicial to [the defendant's] defense," *id.*, at 1534-35. *See also United States v. Mekjian*, 505 F.2d 1320, 1326 (5th Cir. 1974) (holding that history files of the Bureau of Health Insurance admitted in the trial of the defendant physician were not properly authenticated and should have been excluded). The Court should therefore exclude any and all documents which lack sufficient proof of authenticity.

In addition, the Government should be required to introduce original documents at trial. As the Federal Rules of Evidence state, "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Federal Rule of Evidence 1002. "A duplicate is admissible to the same extent as the original *unless a genuine question*

*is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate.*" Federal Rule of Evidence 1003 (emphasis added). Rule 1002 is the embodiment of the "best evidence rule." "'The best evidence rule provides that the original documents must be produced to prove the content of any writing, recording or photograph.'" *United States v. Flanders*, 752 F.3d 1317, 1336 (11th Cir. 2014) (quoting *United States v. Howard*, 953 F.2d 610, 612 n. 1 (11th Cir. 1992); citing Fed.R.Evid. 1002–06). The purpose of the rule "'is to prevent inaccuracy *and fraud* when attempting to prove the contents of a writing.'" *United States v. Henry*, 307 Fed.Appx. 331, 336 (11th Cir. 2009) (*per curiam*) (quoting *United States v. Ross*, 33 F.3d 1507, 1513-14 (11th Cir. 1994)).

The signature of Mr. Milder and one of the contractors in the December 17, 2007, draw request is a central point of contention. Without the original, the defense will not be able to adequately test the documents for authenticity.

Mr. Milder is able to establish that substantial, genuine questions exist as to the authenticity of certain alleged documents in this case—i.e. that such documents might be the product of fraud or have been altered or tampered with. Mr. Milder recognizes that Federal Rules of Evidence 1004 through 1007 set forth circumstances in which the contents of a writing may be proved without introduction of the original, however he submits that it would be both unfair and prejudicial to

admit duplicates of such documents or their contents against Mr. Milder in the face of such questions regarding their authenticity.

Appellate Courts have upheld the exclusion of alleged evidence and testimony regarding the alleged evidence based upon violation of the best evidence rule. For instance, in *United States v. Henry*, 307 Fed.Appx. 331 (11th Cir. 2009) (*per curiam*), the Eleventh Circuit held that the defendant could not introduce photocopies of tax forms into evidence reflecting his gambling winnings and question his mother regarding the forms because "the witness' testimony regarding her memories of [the defendant's] tax returns was barred by the best evidence rule," *id.*, at 336. Moreover, given that the purpose of the best evidence rule is to prevent fraud, the rule should be strictly enforced in cases where evidence of fraud exists. Accordingly, in *S.E.C. v. Hughes Capital Corp.*, 124 F.3d 449 (3d Cir. 1997), the Third Circuit Court of Appeals affirmed the district court's refusal to admit photocopies of check stubs offered by the defendants, which check stubs the defendants admitted were "altered" before being photocopied, agreeing with the district court that "the photocopies of the check stubs indicated 'a lack of trustworthiness'..." *id.*, at 456.

For these reasons, any and all documentary evidence which cannot be established as authentic by sufficient proof should be excluded from this matter.

8

Furthermore, any duplicates of any documents not supported by sufficient authentication should be excluded.

### III. CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendant Larry Milder prays that the Court grant his Motion for Inspection and Testing of Evidence and Motion *In Limine* to Exclude Insufficiently Authenticated or Duplicate Evidence, and issue an order that Defendant be allowed to inspect and test all original, material documents relating to this case in the possession, custody, or control of the Government or its officials, agents, employees, or attorneys, and further exclude from any trial in this matter any and all documents which cannot be provided in their original and/or sufficiently authenticated.

Respectfully submitted, this 20th day February, 2015.

GILLEN WITHERS & LAKE, LLC

**s/Craig A. Gillen**
Craig A. Gillen
Georgia Bar No. 294838
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Telephone:   (404) 842-9700
Facsimile:   (404) 842-9750
E-mail:   cgillen@gwllawfirm.com

COUNSEL FOR LARRY MILDER

9

## CERTIFICATION

Counsel for Defendant Larry Milder certifies that he has conferred with opposing counsel for the United States of America in a good faith effort to resolve the subject-matter of this Motion by agreement, but was unable to reach agreement on the resolution of the issue therein, pursuant to N.D.Ga.L.Crim.R. 12.1D. Counsel also certifies, pursuant to N.D.Ga.L.Civ.R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in N.D.Ga.L.Civ.R. 5.1B.

                                          GILLEN WITHERS & LAKE, LLC

                                          **s/Craig A. Gillen**
                                          Craig A. Gillen
                                          Georgia Bar No. 294838
                                          One Securities Centre, Suite 1050
                                          3490 Piedmont Road, N.E.
                                          Atlanta, Georgia 30305
                                          Telephone:   (404) 842-9700
                                          Facsimile:   (404) 842-9750
                                          E-mail:          cgillen@gwllawfirm.com

                                          COUNSEL FOR LARRY MILDER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 20th day February, 2015, the undersigned electronically filed the foregoing document, using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

**William Louis McKinnon, Jr., Esq.**
**Assistant United States Attorney**
**United States Attorney's Office for the Northern District of Georgia**
600 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303

**Aaron M. Danzig, Esq.**
**Arnall Golden Gregory**
171 17th Street, N.W.
Suite 2100
Atlanta, Georgia 30363

                                 GILLEN WITHERS & LAKE, LLC

                                 **s/Craig A. Gillen**
                                 Craig A. Gillen
                                 Georgia Bar No. 294838
                                 One Securities Centre, Suite 1050
                                 3490 Piedmont Road, N.E.
                                 Atlanta, Georgia 30305
                                 Telephone:   (404) 842-9700
                                 Facsimile:    (404) 842-9750
                                 E-mail:        cgillen@gwllawfirm.com

                                 COUNSEL FOR LARRY MILDER