IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RONALD ONORATO | Criminal Action No.<br><br>2:15-CR-001-RWS-JCF |

**Government's Response to Defendant's Motion to Continue September 17, 2015, Hearing**

The United States of America, by John A. Horn, United States Attorney, and William L. McKinnon, Jr., Assistant United States Attorney for the Northern District of Georgia, files this response to defendant's Motion to Continue September 17, 2015, Hearing, (Doc. 66), as follows:

The short answer is that the Government believes that it has now provided all reports of contacts that Government agents prepared regarding their contacts with defendant.

Counsel for defendant has acknowledged to counsel for the Government that he has received the following reports regarding interviews and contacts between the two now retired case agents, retired FBI Special Agent David Wylie and retired SigTarp Special Agent Kevin McClinsey. See Doc. 66-3, Defendant's Exhibit B page 4 of 7. These reports are dated and described as follows:

1

| | |
|---|---|
| 1/28/11 | Wylie 302 of interview of Mr. Onorato and Mr. Dunckel; |
| 3/30/11 | Wylie note of call with Mr. Onorato; |
| 6/7/11 | Wylie note of call with Mr. Onorato; |
| 1/31/12 | Wylie 302 of interview of Mr. Ordner, Mr. Onorato present; |
| 9/12/12 | Wylie and McClinsey interview of Mr. Onorato, McClinsey ROI; |
| 10/15/13 | Wylie and McClinsey interview of Mr. Onorato. McClinsey email to McKinnon. |

On Tuesday September 15, 2015, undersigned counsel met with David Wylie to review the FBI paper file for the Kleinsmith case which Agent Wylie created. No additional reports of interviews or contacts with defendant were located. Agent Wylie acknowledges that he had additional contact with defendant, but the contacts were telephone calls initiated by either Agent Wylie or defendant about the status of the investigation and the timing of an indictment against Kleinsmith. The two notes of calls listed above are reports of contacts of that sort.

In anticipation of the meeting with Agent Wylie, undersigned counsel also requested a listing of all electronic reports of contacts between Agent Wylie and defendant. That list and the documents generated based on that list were reviewed with Agent Wylie on Tuesday September 15. There are no additional substantive reports regarding either the Kleinsmith advanced fee investigation or the bank fraud case brought against defendant. In addition, Agent Wylie does not recall preparing any additional substantive reports of interviews of the defendant.

On the list are four "ECs" or electronic communications. Those had not been provided to defense counsel previously, but are being provided on September 16. However, these "ECs" do not contain substantive reports regarding either the Kleinsmith advanced fee investigation or the bank fraud case brought against defendant. One "ECs" simply documents that defendant provided Agent Wylie with a new phone number as a contact number. The other three "ECs" are similar to the notes described above wherein defendant asked about the status of the Kleinsmith investigation and/or an expected date for an indictment to be presented to the grand jury. All four "ECs" are one paragraph long.

Agent Wylie will acknowledge at the evidentiary hearing that he had additional contacts with defendant about the status of the Kleinsmith investigation and/or an anticipated Kleinsmith indictment which he did not document by a note or an "EC" because the contacts were the same as the notes and "ECs" described above, that is, telephone calls about the status of the Kleinsmith investigation and/or an anticipated date for a Kleinsmith indictment. Agent Wylie will not deny that he and defendant could have discussed the Kleinsmith advanced fee scheme during some of those calls, but he did not document the discussions because he does not remember that defendant disclosed to him additional facts about the advanced fee scheme that Agent Wylie was not already aware of from the January 28, 2011, interview or through his investigation.

On September 16, 2015, the Government is turning over one additional communication prepared by Agent Wylie about the Kleinsmith case. It is the case

opening memo prepared by Agent Wylie. The memo is dated January 27, 2011. The memo is one paragraph long. It briefly summarizes the allegations about the Kleinsmith advanced fee scheme. Agent Wylie does not recall specifically how this information came to him. He believes that either defendant or Daryl Dunckel, who accompanied defendant to the first interview on January 28, 2011, may have called him on January 27, 2011, to report the Kleinsmith advanced fee scheme and that he was given a brief description of the Kleinsmith advanced fee scheme during the telephone call.

Agent McClinsey has advised the undersigned that he talked to defendant on three occasions only; September 12, 2012, documented by a Report of Interview (ROI) listed above; October 15, 2013, documented by an email listed above, and a telephone call to defendant in 2014 after Agent McClinsey became aware of the fraud involved in the first loan draw on the construction project. The purpose of the phone call was to set up a meeting. However, defendant advised Agent McClinsey that he wanted to talk to an attorney before meeting with Agent McClinsey again. Subsequently, the meeting never took place.

Therefore, the Government believes that all written reports, notes, and/or "ECs" that document contact between Agents Wylie and/or McClinsey and defendant have been turned over to defense counsel as of September 16, 2015. The "ECs" turned over on September 16 can be reviewed in a matter of five minutes and do not contain substantive reports of statements made by defendant about the Kleinsmith advanced fee case. While the opening memo also turned over on September 16 does state facts about the Kleinsmith advanced fee case,

the memo is only one paragraph long and can also be reviewed in a matter of minutes.

Counsel for the Government apologizes to the Court and defense counsel for not being more diligent about meeting with Agents Wylie and McClinsey in an effort to resolve the discovery issue raised by defense counsel about contacts between defendant and the agents. Counsel does not wish to offer an excuse for the delay, other than to say that counsel did not, but should have, made getting this matter resolved a priority over time and attention that undersigned counsel devoted to other cases and investigations. Counsel believes that the matter has now been addressed and that the Court may go forward with the evidentiary hearing on defendant's motions.

    Respectfully submitted,

    JOHN A. HORN
       *United States Attorney*

    /s/WILLIAM L. MCKINNON, JR.
       *Assistant United States Attorney*
    Georgia Bar No. 495812
    William.mckinnon@usdoj.gov
    Suite 600, 75 Spring Street
    Atlanta, Ga 30303
    404-581-6046

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record, and by attaching it to an email sent to Aaron Danzig on September 16, 2015.

September 16, 2015

                                            /s/ WILLIAM L. MCKINNON, JR.
                                            WILLIAM L. MCKINNON, JR.
                                            *Assistant United States Attorney*