

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION
CRIMINAL NO. 2:15-CR-001-RWS

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant Ronald Onorato, enter into this plea agreement as set forth below in Part IV pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Ronald Onorato, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby enters a plea of GUILTY to Count One.

## I.  ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in Count One.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury.  At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings.  During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt.  The Defendant would have the

right to confront and cross-examine the witnesses against him.  If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf.  If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself.  If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings.  By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

2

## III.   ACKNOWLEDGMENT OF PENALTIES

7. The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

**As to Count One**

      a.  Maximum term of imprisonment: 30 years.

      b.  Mandatory minimum term of imprisonment: None.

      c.  Term of supervised release: up to 5 years.

      d.  Maximum fine: $1,000,000.00, due and payable immediately.

      e.  Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

      f.  Mandatory special assessment:  $100.00, due and payable immediately.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines.

## IV.   PLEA AGREEMENT

9. The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

3

## Dismissal of Counts

10. The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all remaining counts in the above-styled case still pending against Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

## No Additional Charges

11. The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty.  The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

## Sentencing Guidelines Recommendations

12. Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations.

**Acceptance of Responsibility**

13. The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense

level is 16 or higher.  However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

## Right to Answer Questions, Correct Misstatements, and Make Recommendations

14. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law.  Except as expressly stated elsewhere in this Plea Agreement, the parties also reserve the right to make recommendations regarding application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

5

## Cooperation

**General Requirements**

15. The Defendant agrees to cooperate truthfully and completely with the Government, including being debriefed and providing truthful testimony at any proceeding resulting from or related to Defendant's cooperation. Defendant agrees to so cooperate in any investigation or proceeding as requested by the Government. Defendant agrees that Defendant's cooperation shall include, but not be limited to:

> a. producing all records, whether written, recorded, electronic, or machine readable, in his actual or constructive possession, custody, or control, of evidentiary value or requested by attorneys and agents of the Government;
>
> b. making himself available for interviews, not at the expense of the Government if he is on bond, upon the request of attorneys and agents of the Government;
>
> c. responding fully and truthfully to all inquiries of the Government in connection with any investigation or proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503) and related offenses;

6

    d. when called upon to do so by the Government in connection with
any investigation or proceeding, testifying in grand jury, trial, and
other judicial proceedings, fully, truthfully, and under oath, subject
to the penalties of perjury (18 U.S.C. § 1621), making false statements
or declarations in grand jury or court proceedings (18 U.S.C. § 1623),
contempt (18 U.S.C. §§ 401 - 402), obstruction of justice (18 U.S.C. §
1503), and related offenses.

The Defendant understands that the Government alone will determine what
forms of cooperation to request from the Defendant, and the Defendant agrees
that Defendant will not engage in any investigation that is not specifically
authorized by the Government.

**Section 1B1.8 Protection**

16. Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government
agrees that any self-incriminating information that was previously unknown to
the Government and is provided to the Government by the Defendant in
connection with Defendant's cooperation and as a result of this Plea Agreement
will not be used in determining the applicable sentencing guideline range,
although such information may be disclosed to the Probation Office and the
Court. The Government also agrees not to bring additional charges against the
Defendant, with the exception of charges resulting from or related to violent
criminal activity, based on any information provided by the Defendant in
connection with cooperation that was not known to the Government prior to the

7

cooperation. However, if the Government determines that the Defendant has not been completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and any other appropriate charge, and all information Defendant has provided may be used against Defendant in such a prosecution. Furthermore, should the Defendant withdraw his guilty plea in this case and proceed to trial, the Government is free to use any statements and/or other information provided by the Defendant, pursuant to the Defendant's cooperation, as well as any information derived therefrom, during any trial or other proceeding related to the Government's prosecution of the Defendant for the offense(s) charged in the above-numbered Count 1.

**Sentence Reduction**

17. The Defendant acknowledges his understanding that the Government has taken the Defendant's cooperation into consideration in agreeing to a binding sentence of six months' incarceration and that the Defendant will receive no further consideration for his cooperation therefor.

## Sentencing Recommendations

**Judicial Economy**

18. Based on the factors set forth in 18 U.S.C. § 3553(a), the parties agree to recommend that the Defendant receive a one-level downward variance at sentencing. This variance is predicated on the Defendant's expeditiously entered

8

plea of guilty and the resulting conservation of limited judicial and prosecutorial resources.

## Sentencing

**Specific Sentence Recommendation**

19. The parties agree that pursuant to Rule 11(c)(1)(C) the Defendant is entering a binding plea to a sentence of six months' incarceration followed by four years' supervised release. If at any time the Court indicates that it will not impose a sentence of six months to serve and four years' supervised release on the Defendant, then the either party will be allowed to withdraw from this guilty plea. In that event, the Government agrees that any admissions made by the Defendant during the guilty plea colloquy or during the presentence investigation and any evidence derived from said admissions will not be used against the Defendant in any subsequent proceeding.

**Restitution**

20. The Defendant agrees to pay full restitution to the Clerk of Court for distribution to all victims of the offense(s) to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement. The Defendant understands that the amount of restitution owed to each victim will be determined at sentencing. The Defendant also agrees to cooperate fully in the investigation of the amount of restitution, the identification of victims, and the recovery of restitution for victims.

9

## Financial Cooperation Provisions

**Special Assessment**

21. The Defendant agrees that he will pay a special assessment in the amount of $100 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 121 Spring Street, S.E., Gainesville, Georgia 30501, on the day of sentencing. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney upon payment thereof.

**Fine/Restitution - Terms of Payment**

22. The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant understands that before any sanction may be imposed upon him for failure make restitution payments, such failure must be willful, that is to say more than economic

10

inability. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and his counsel agree that the Government may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

**Financial Disclosure**

23. The Defendant agrees that Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $2,500 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that Defendant's failure to comply with this provision of the Plea Agreement should result in Defendant receiving no credit for acceptance of responsibility.

24. The Defendant agrees to cooperate fully in the investigation of the amount of restitution; the identification of funds and assets in which he has any legal or equitable interest to be applied toward restitution and/or fine; and the prompt payment of restitution or a fine.

25. The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within ten days of the change of plea hearing; (B) submitting to a financial deposition or interview (should the Government deem it necessary) prior to sentencing

11

regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the Government regarding his financial condition and that of his household; and (D) fully and truthfully answering all questions regarding his past and present financial condition and that of his household in such interview(s); and (E) providing a waiver of his privacy protections to permit the Government to access his credit report and tax information held by the Internal Revenue Service.

26. So long as the Defendant is completely truthful, the Government agrees that anything related by the Defendant during his financial interview or deposition or in the financial forms described above cannot and will not be used against him in the Government's criminal prosecution. However, the Government may use the Defendant's statements to identify and to execute upon assets to be applied to the fine and/or restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived in any way from the interview(s)/deposition(s)/financial forms, which could result in the acquisition of evidence admissible against the Defendant in subsequent proceedings. If the Defendant subsequently takes a position in any legal proceeding that is inconsistent with the interview(s)/deposition(s)/financial forms–whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner–the Government may use the Defendant's

interview(s)/deposition(s)/financial forms, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's interview(s)/deposition(s)/financial forms to respond to arguments made or issues raised sua sponte by the Magistrate or District Court.

## Limited Waiver of Appeal

27. LIMITED WAIVER OF APPEAL: If the Court accepts this binding guilty plea and sentences the Defendant to six-months incarceration and four years' supervised release, then to the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may pursue a claim that Defendant's counsel rendered constitutionally ineffective assistance of counsel. If the Court rejects the binding plea agreement, but the Defendant decides not to withdraw his guilty plea, then then to the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except

13

that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court or if the Government initiates a direct appeal of the sentence imposed, then the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

### FOIA/Privacy Act Waiver

28. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

14

## No Other Agreements

29. There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this 24th day of April, 2017.

_____
SIGNATURE (Defense Attorney)
Aaron M. Danzig

_____
SIGNATURE (Defendant)
Ronald Onorato

_____
SIGNATURE (AUSA)
William L. McKinnon, Jr.

_____
SIGNATURE (Approving
Official)
F. Gentry Shelnutt

15

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____       4/24/17
SIGNATURE (Defendant)                    DATE
Ronald Onorato

16

I am Ronald Onorato's lawyer.  I have carefully reviewed the charges and the Plea Agreement with my client.  To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____          _____
SIGNATURE (Defense Attorney)          DATE
Aaron M. Danzig


Aaron M. Danzig
171 17th St., NW
Suite 2100
Atlanta, GA 30363-1031


Filed in Open Court

This ____ day of __April__ , 20__

By _____